Case 1:09-cv-00965-DLI-VVP   Document 1   Filed 03/09/09   Page 1 of 9 PageID #: 1

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 09 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Aliou Sylla, <br><br> Plaintiff, <br> -v- <br><br> Delight Construction Corp., <br><br> Defendant. | Civ. Action #: <br> **09 0965** <br> **Complaint** <br><br> Date Filed: <br><br> **Jury Trial Demanded** |

Plaintiff, Aliou Sylla, by Abdul Karim Hassan, his attorney, complaining of the Defendant, respectfully alleges as follows:

WEINSTEIN, J.
POHORELSKY, M.J.

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to unpaid minimum wages from Defendant for working and being paid less than the applicable federal minimum wage rate for each hour he worked for defendant in a week, and (iii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of 1.5 times his regular rate for such hours over forty in a week, (ii) entitled to unpaid minimum wages from Defendant for working and being paid less than the applicable New York State minimum wage rate for each hour he worked for Defendant in a week; and (iii) entitled to additional wages for working more than ten hours in a day and not being paid an extra hour of pay for each such day; and (iv) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages under Article 6 of the New York Labor Law including Section 191 and is entitled to liquidated damages/penalties and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Upon information and belief, Defendant Delight Construction Corp., ("Delight") is a domestic for-profit corporation organized and existing under the laws of the State of New York with a place of business at 1360 Fulton Street, Suite 500, Brooklyn, NY 11216.

8. Plaintiff **Aliou Sylla** ("Sylla") is a resident of Bronx County in the State of New York.

9. Plaintiff Sylla was employed by Defendant for about two years ending in or around August 2006.

10. "Plaintiff as used in this complaint refers to the named Plaintiff.

11. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

12. The time relevant herein or all times relevant herein, as to the FLSA cause of action refers to the three-year and two-year period preceding the filing of this action, and as to the New York Labor Law causes of action, refers to the six-year period preceding the filing of this action.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendant was engaged in the business of providing construction and or guard services to the public.

14. Upon information and belief, and at all relevant times herein, Defendant employed several dozen persons to provide services to the public.

15. Upon information and belief, and at all times relevant herein, Defendant employed guards, like Plaintiff, to guard construction sites.

16. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

17. Upon information and belief, and at all relevant times herein, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, telephone and internet systems.

18. Upon information and belief, and at all relevant times herein, Defendant conducted business with Vendors outside the state of New York.

19. Upon information and belief, and at all relevant times herein, Defendant transacted business with entities outside the State of New York..

20. At all relevant times herein and during his employment with Defendant, Plaintiff was a manual worker of Defendant, primarily performing security guard services.

21. At all relevant times herein and for the time Plaintiff was employed by Defendant, Plaintiff

worked more than forty (40) hours in a week for some or all weeks.

22. At all relevant times herein and for the time Plaintiff was employed by Defendant, Plaintiff worked more than ten (10) hours in a day for some or all days.

23. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of one and one half times their regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

24. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff at least the applicable federal and New York State minimum wage rate for each hour worked in a week.

25. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an extra hour of pay for each day that Plaintiff worked more than ten hours for Defendant.

26. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

27. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

28. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 27 above as if set forth fully and at length herein.

29. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning

4

of the FLSA.

30. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and/or 207(a).

31. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

32. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

33. At all times applicable herein and upon information and belief, Defendant conducted business outside the State of New York involving construction materials and services.

34. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

35. Defendant as a regular part of its business, engaged in credit card transactions with involving banks and other institutions outside the state of New York.

36. At all times applicable herein and upon information and belief, Defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

37. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail and telephone systems.

38. **At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than one and one-half times their regular rate**

of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

39. **At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff a rate at least equal to the applicable federal minimum wage rate for each hour worked in a week, in violation of 29 U.S.C. § 206.**

## Relief Demanded

40. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime and minimum wage compensation, an additional equal amount (maximum) as liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)

41. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 40 above as if set forth fully and at length herein.

42. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

43. At all times relevant to this action, Plaintiff was jointly employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder.

44. **At all relevant times herein, Defendant failed and willfully failed to pay plaintiff an additional hour of pay at the legally required rate for each day Plaintiff worked more than ten hours ("spread of hours"), in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq; 12 NYCRR § 142-2.4.**

45. **At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff**

6

overtime compensation at rates not less than one and one-half times their regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

46. **At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff at a rate that was at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.1.**

## <u>Relief Demanded</u>

47. Due to Defendant New York Labor Law violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime, minimum wage and spread of hours compensation, prejudgment interest, twenty-five (25%) percent liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## <u>AS AND FOR A THIRD CAUSE OF ACTION - NYLL § 190, 191 and 198</u>

48. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 47 above with the same force and effect as if fully set forth at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191 and 198 and the applicable regulations thereunder.

50. At all times relevant to this action, Plaintiff was employed by Defendant as a manual worker, laborer or workingman, within the meaning of the New York Labor Law § 190 et seq. including § 191.

51. **At all relevant times herein, Defendant <u>violated</u> and <u>willfully violated</u> Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191 and 198 by failing to pay Plaintiff's wages for weekly overtime and minimum wages (FLSA and NYMWA)**

**and spread of hours compensation (NYMWA), as required by and within the time specified in NY Labor Law § 190 et seq. specifically including NY Labor Law § 191.**

## Relief Demanded

52. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid overtime and minimum wage compensation and spread of hours pay, plus twenty-five percent liquidated damages, prejudgment interest, reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

53. Declare Defendant to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act and the Regulations thereunder;

54. Award Plaintiff his unpaid overtime and minimum wage compensation due under the FLSA and NYLL as well as spread of hours compensation due under the New York Minimum Wage Act and the Regulations thereunder;

55. Award Plaintiff prejudgement interest on all monies due. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

56. Award Plaintiff an additional equal amount as liquidated damages (maximum) because of Defendant's failure to pay overtime and minimum wages pursuant to 29 U.S.C. § 216 and an additional amount of twenty-five (25) percent as liquidated damages/penalties under Section 663 and Section 198 of New York State Labor Law due to Defendant's willful failure to pay overtime, minimum wages and spread of hours pay.

57. Award Plaintiff the costs of this action together with reasonable attorneys' fees pursuant to

8

applicable laws including the Fair Labor Standards Act 29 USC § 216, Section 198 of the New York State Labor Law and Section 663 of the New York State Labor Law;

58. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
      March 7, 2009

Respectfully submitted,

*Abdul Hassan*

Abdul Karim Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: (718) 740-1000
ATTORNEY FOR THE PLAINTIFF